IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 SEP 13 P 2: 50

BRYAN S. ROSS, Chapter 7 )
Trustee for Total Realty Management, LLC, )
                                                             )
          Plaintiff, )
                                                             ) CASE NO. 1:11-cv-684
v. )
                                                             )
R.A. NORTH DEVELOPMENT, INC., *et al.*, )
                                                             )
      Defendants, )
                                                             )

CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

AP# 11-1211-RGM

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendants R.A. North Development, Inc., R.A. North Development I, Inc., Southeastern Land Sales, Inc., Southeastern Waterfront Marketing, Inc., Southeastern Waterway Sales, Inc., Waterfront Development Services, Inc., and Waterfront Communities, Inc.'s Motion to Dismiss and Motion to Strike Unfounded Allegations. (Dkt. Nos. 9 & 13.) The issue before the Court is whether Plaintiff's claims for contribution under the Interstate Land Sales Full Disclosure Act ("ILSFDA") fail as a matter of law because Defendants could not be held liable on the rescission claims if sued separately, where a claim for enforcement of the right to rescission under ILSFDA may only be brought against the seller of the property, and Debtor Total Realty Management, LLC ("TRM") was the seller of the lots governed by the rescinded purchase agreements. The Court grants Defendants' Motion to Dismiss because Defendants could not have been held liable on the rescission claims if they were sued separately, where they did not sell the lots to these purchasers, and, therefore, Defendants' contribution claims fail as a matter of law.

## I. BACKGROUND

Plaintiff, the Trustee in bankruptcy for Debtor TRM, initiated this lawsuit as an adversary proceeding against Defendants R.A. North Development, R.A. North Development I, Southeastern Land Sales Inc., Southeastern Waterfront Management Inc., Southeastern Waterway Sales Inc., Waterfront Development, Inc., and Waterfront Communities, Inc. (collectively "Defendants") pursuant to the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701, *et seq.* and 11 U.S.C. § 541 of the Bankruptcy Code. In July 2011, the Court withdrew the reference of the adversary proceeding, and the claims are now before this Court.

The Trustee seeks statutory contribution pursuant to ILSFDA § 1709(d) for TRM's liabilities to over one hundred purchasers to whom it marketed and sold unimproved lots in North and South Carolina (collectively referred to as the "rescinding purchasers"). The rescinding purchasers have previously sued Defendants separately, and their claims were either dismissed on motion or voluntarily, many as part of a global settlement. TRM's bankruptcy Trustee now seeks contribution from Defendants on the liabilities incurred from the rescinding purchasers' revocation of their purchase agreements. TRM bases its claims on the allegations that (1) R.A. North was the developer of the lots at issue, (2) TRM obtained the lots from R.A. North, and (3) Defendants were aware of and participated and assisted in TRM's fraudulent scheme. Defendants have filed the present Motion to Dismiss for failure to state a claim and a Motion to Strike as to certain allegations contained within Plaintiff's Amended Complaint.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id.* (citation and internal quotation marks omitted). Because the central purpose of the complaint is to provide the defendant "fair notice of what the claim is and the grounds upon which it rests," the plaintiff's allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

In reviewing a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (citation omitted). In addition to the complaint, a court may also examine any "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). The court should grant a motion to dismiss only when it is clear that the plaintiff cannot prove any set of facts supporting the claim entitling the plaintiff to relief under

3

any legal theory, which might plausibly be suggested by the facts alleged. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III. ANALYSIS

The Court grants Defendants' Motion to Dismiss because Plaintiff's statutory contribution claims against Defendants fail as a matter of law. "ILSFDA was enacted as part of the Housing and Urban Development Act of 1968 and amended in 1979." *Nahigian v. Juno-Loudon, LLC*, No. 1:09-cv-725, 2010 WL 3418179, at *6 (E.D. Va. August 23, 2010) (citing Pub. L. No. 96-153, Title IV, 93 Stat. 1122 (1979)). ILSFDA was designed to protect purchasers of land from fraud and the unscrupulous sales of undeveloped home sites by requiring sellers to make certain disclosures in advance of a purchaser's signing the sales contract. *Id.*; *Ahn v. Merrifield Town Center Ltd. P'ship*, 584 F. Supp. 2d 848, 853 (E.D. Va. 2008); *see Flint Ridge Dev. Co. v. Scenic Rivers Ass'n of Okla.*, 426 U.S. 776, 778 (1978); *Long v. Merrifield*, No. 08-2371, 2010 WL 2744650, at *9 (4th Cir. Jul. 13, 2010). Through ILSFDA's disclosure requirements, Congress intended to ensure that, "prior to purchasing certain types of real estate, a buyer [is] apprised of the information needed to make an informed decision." *Long*, 2010 WL 2744650, at *9 (4th Cir. Jul. 13, 2010) (citing *Markowitz v. Ne. Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990)).

ILSFDA makes it unlawful for a "developer or agent"[1] of a covered subdivision to use "any means or instruments of transportation or communication in interstate commerce, or of the mails . . . to sell or lease any lot unless a statement of record with respect to such lot is in effect .

---

[1] "Developer" is defined as "any person who, directly or indirectly, sells or leases or offers to sell or lease, or advertises for sale or lease any lots in a subdivision." 15 U.S.C. § 1701(5). "Agent" is defined as "any person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lots or lots in a subdivision . . . ." *Id.* at § 1701(6).

4

. . [and] a printed property report . . . has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee." 15 U.S.C. § 1703(a)(1). ILSFDA provides purchasers with the right to revoke the purchase agreement (1) automatically, if done within a certain time period, or (2) if the disclosure requirements are not met. *See id.* at § 1703(b)-(d). If the contract is revoked pursuant to subsections (b), (c), or (d), and if the purchaser tenders to the seller an instrument conveying his or her rights and interests in the lot, which are substantially similar to the rights and interests when initially conveyed to the purchaser, the purchaser "shall be entitled to all money paid by him or her under such contract or agreement." *Id.* at § 1703(e).

> To seek relief for violations of ILSFDA, purchasers have various options. A purchaser may bring an action in law or equity *against a developer or agent* if the sale or lease was made in violation of section 1703(a) of this title. In a lawsuit authorized by this subsection, the court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable.

*Id.* at § 1709(a) (emphasis added). A purchaser may also bring an action in law or equity "*against the seller* . . . to enforce any right [of revocation] under subsection (b), (c), (d), or (e) of section 1703 of this title." *Id.* at § 1709(b) (emphasis added).[2]

ILSFDA also provides a statutory right to contribution. Specifically, "[e]very person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment." *Id.* at § 1709(d).

---

[2] The term "seller" is not defined in the statute. Accordingly, the Court will apply the meaning of the term as defined in Black's Law Dictionary: "Generally, a person who sells anything; the transferor of property in a contract of sale." Black's Law Dictionary (9th ed. 2009).

5

Here, Plaintiff's contribution claims against Defendants fail as a matter of law because Defendants would not have been liable to make any payment on the rescinding purchasers' revocation claims if sued separately. Purchasers have a right to enforce the revocation rights provided under ILSFDA subsections (b), (c), (d), or (e) by bringing an action against the "seller." Defendants were not the "seller[s]" of these lots to these purchasers. Rather, as Plaintiff alleges in the Amended Complaint, TRM, which purchased the lots from Defendants, was the seller of these lots to these purchasers.

In addition, the Court rejects Plaintiff's alternative theory that TRM acted as Defendants' agent in selling these lots because Plaintiff sets forth nothing but mere conclusory allegations in support of this theory and does not allege facts demonstrating that TRM acted on behalf of, with the authority of, or under the control of Defendants in these sales transactions with the rescinding purchasers. Moreover, allegations that Defendants had knowledge of TRM's illicit conduct do not give rise to an agency relationship between TRM and Defendants.

Finally, the Court rejects Plaintiff's argument that Defendants could be held liable if sued separately because they qualify as either "developers" or "agents" under ILSFDA, who can be subject to claims for ILSFDA violations. The Court does not need to decide for the purposes of this Motion whether Defendants fall within these categories because, as set forth in 15 U.S.C. § 1709(b), a claim for enforcement of the right of revocation may be brought against the "seller," and, as Plaintiff itself alleges, TRM was the seller of these lots. The fact that Congress drafted a separate provision addressing how to enforce the right of revocation, in which it specified that the claims are to be brought against the seller, rather than including the enforcement of this right in the provision related generally to relief recoverable for ILSFDA violations, which may be brought against developers or agents, supports this conclusion. *Compare* 15 U.S.C. § 1709(b)

*with id.* at § 1709(a). Moreover, it is axiomatic that a claim for revocation of a contract may not be brought against an entity that is not party to a contract. Therefore, because Defendants are not sellers of the lots to the rescinding purchasers, the rescinding purchasers would have no claim against these Defendants to enforce their revocation rights under ILSFDA, and Plaintiff's claims for contribution against Defendants fail as a matter of law.

## IV. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED and Defendants' Motion to Strike is DENIED as moot.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this  12th  day of September, 2011.

Alexandria, Virginia
9/12/2011

/s/
Gerald Bruce Lee
United States District Judge